RICHARD ROSENBERG, INDIVIDUALLY                  )
AND DERIVATIVELY ON BEHALF OF                     )
FLEMING COMPANIES, INC.,                          )
                                                  )
                    Plaintiff,                    )
                                                  )
v.                                                )        Case No. CIV-96-1808-M
                                                  )
ROBERT E. STAUTH; R. RANDOLPH                     )
DEVENING; DONALD N. EYLER,                         )
E. DEAN WERRIES, ARCHIE R. DYKES,                  )
CAROL B. HALLET, LAWRENCE M. JONES,               )
EDWARD C. JOULLIAN III,                            )
HOWARD H. LEACH, JOHN A. MCMILLAN,                 )
GUY A. OSBORN, JACK W. BAKER,                      )
WILLIAM J. DOWD, HAROLD L. WINN, JR.,              )
KEVIN J. TWOMEY, JAMES STUARD,                     )
GERALD G. AUSTIN, E. STEPHEN DAVIS,                )
THOMAS L. ZARICKI, PAUL JOHNSON,                   )
WILLIAM M. LAWSON, JR.,                            )
VERNON FLOYD, DICK JUDD and                        )
DOES 1-20,                                         )
                                                  )
                    Defendants.                   )
                                                  )
       AND                                        )
                                                  )
FLEMING COMPANIES, INC.,                          )
                                                  )
               Nominal Defendant.                 )

**ORDER GRANTING PRELIMINARY APPROVAL
OF DERIVATIVE ACTION SETTLEMENT**

The Court has considered the Stipulation of Compromise and Dismissal dated May 21,

1999 (the "Stipulation") and the remainder of the record in these cases. It is therefore determined

and ordered:

1. For the purposes of Settlement, the above-captioned actions are consolidated (the "Action");

2. The Court has been advised that the plaintiffs, on behalf of themselves and derivatively on behalf of nominal defendant Fleming Companies, Inc. ("Fleming"), and the defendants and Fleming (collectively, the "Parties"), through their counsel, have agreed to settle this Action upon the terms and conditions set forth in the Stipulation which has been filed with the Court, subject to notice to the Record Holders (as defined below) and subject to a Final Settlement Hearing (as defined below) and approval by this Court;

3. The Court has jurisdiction over all Parties for purposes of approving the proposed settlement set forth in the Stipulation (the "Settlement"), and entering an order thereon.

4. The Parties have agreed to the form and content of this Order.

5. It appears to the Court that upon preliminary examination that the Stipulation and Settlement appear to be fair, reasonable, and adequate, and that a Final Settlement Hearing should be held, after notice is given to the Record Holders, to determine if the Settlement is fair, reasonable, and adequate under the circumstances, and to determine if a settlement approval order and final judgment ("Final Settlement Order and Judgment") should be entered in the Action as provided for in the Stipulation.

IT IS THEREFORE ORDERED THAT:

1. Preliminary Approval of Proposed Settlement. The Settlement and Stipulation, including the exhibits thereto, are preliminarily approved as fair, reasonable and adequate. The Court finds that: (a) the Settlement resulted from extensive arm's-length and good faith negotiations between the Parties; and (b) the Settlement is sufficient to warrant notice of the

-3-

Settlement to Record Holders, and to have a hearing for final approval of the Settlement ("Final Settlement Hearing" or "Settlement Hearing").

2.     Settlement Counsel.  The Court appoints the following as Settlement Counsel: Robert S. Schachter of Zwerling, Schachter & Zwerling, LLP, 767 Third Avenue, New York, NY 10017, William B. Federman of Day Edwards Federman Propester & Christensen, P.C., Oklahoma Tower, Suite 2900, 210 Park Avenue, Oklahoma City, OK  73102 and Steven E. Cauley of Steven E. Cauley, P.A., Suite 218, Cypress Plaza, 2200 Rodney Parham Road, Little Rock, AR 72212.

3.     Stay of Proceedings.  All discovery and other pretrial proceedings in the Action are stayed and suspended as of May 21, 1999, the day the Parties executed the Stipulation, pending Final Approval of the Settlement as defined in the Stipulation, except such actions as are provided for in the Stipulation, or which may be necessary to implement the terms of the Stipulation, the Settlement, and this Order.

4.     Notice.  On or before June 25, 1999, Fleming, at its expense, shall cause to be mailed by United States mail, postage prepaid, to all known shareholders of record of Fleming as of May 21, 1999 (the "Record Holders"), at the addresses as they appear in Fleming's transfer agent's records, the Notice of Proposed Settlement in substantially the same form as attached as Exhibit A (the "Notice"). In addition, on or before June 25, 1999 the Notice will be posted on the Fleming website, the Zwerling, Schachter & Zwerling, LLP website, and the PRNewswire.

5.     On or before July 6, 1999 Fleming, at its expense, shall cause to be published in the national edition of The Wall Street Journal the Summary Notice of Proposed Settlement in substantially the same form as Exhibit B (the "Summary Notice").

-4-

6.      Nominees.  Fleming shall request that nominees of the Record Holders send the Notice to all beneficial owners of such Fleming common stock within ten (10) days of receipt of the Notice.

7.      Findings Concerning the Form of Notice.  The Court finds that mailing the Notice by U.S. mail, postage prepaid, to Record Holders, as provided in paragraph 5, the posting of the Notice on the Fleming and Zwerling, Schachter & Zwerling, LLP websites and on the PRNewswire as provided in paragraph 5, and the publication of the Summary Notice in The Wall Street Journal, as provided in paragraph 6, is the best practicable notice under the circumstances, and is reasonably calculated to apprise Record Holders of the pendency of the Action and the Settlement and their right to object to the Settlement.  The Court further finds that the Notice is reasonable, that it constitutes due, adequate and sufficient notice to persons entitled to receive notice, and that the Notice meets the requirements of due process and applicable laws.

8.      Pleading Support of Settlement.  The Parties shall file with the Court any pleadings or memoranda in support of final approval of the Settlement and Stipulation no later than August 3, 1999.  Plaintiffs' counsel shall file their application for attorneys' fees and expenses (the "Fee Petition") no later than August 3, 1999.

9.      Objections and Appearances at Settlement Hearing.

(a)      Written Objections.  Any Record Holders or Nominee of a Record Holder who is a current shareholder may object to the fairness, reasonableness or adequacy of the Settlement or the Fee Petition.  Any Record Holder who is a current shareholder who wishes to object to the Settlement or the Fee Petition must file with the Court, on or before August 3, 1999, a written statement of the objection along with all supporting papers, materials, or briefs that the

objecting current shareholder wishes the Court to consider. On or before the date on which such statement is filed, copies of the statement and supporting papers, materials, or briefs must be sent by first class mail to one of the Settlement Counsel designated in the Notice, and on counsel for Fleming and for the Individual Defendants as designated in the Notice at the objector's expense. Any objection that is not timely made as required by this Order shall be forever barred. Any attorney hired by a current shareholder for the purpose of making an objection to the Settlement or the Fee Petition must be hired at the current shareholder's sole expense, and such attorney must file with the Court, and serve on Settlement Counsel <u>and</u> counsel for Fleming and the Individual Defendants, by first class mail, a notice of appearance in the Action no later than August 3, 1999.

   (b) <u>Only Current Shareholders May Object</u>.  No person who is not a current shareholder or their counsel shall have any right to object to the Settlement or the Fee Petition as provided for herein, unless otherwise ordered by the Court.

   (c) <u>Settlement Hearing</u>.  The Court will hold a hearing on August 24, 1999, at 9:30 a.m. to determine whether the Settlement is fair, reasonable and adequate under the circumstances and should be approved by the Court; whether a Final Settlement Order and Judgment as provided for in the Stipulation should be entered; and whether the Fee Petition should be approved. The Court may adjourn or continue the Settlement Hearing without further notice to current shareholders.

   (d) <u>Right to Appear at Settlement Hearing</u>.  Any current shareholder who timely files and serves a written objection as provided for herein may appear at the Settlement Hearing, either in person or through counsel hired solely at the current shareholder's own

expense, to show cause, if he or she has any, why the Settlement or Fee Petition should or should not be approved and why a judgment should not be entered as proposed. Current shareholders, or their attorneys, who intend to appear at the Settlement Hearing to show such cause, must first file with the Court, and serve by First Class mail on Settlement Counsel, counsel for the Individual Defendants and counsel for Fleming no later than August 3, 1999, a notice of intention to appear at the Settlement Hearing which sets forth (i) the name and address of the current shareholder (and, if applicable, the name, address and telephone number of the current shareholder's attorney), (ii) the objection, including all papers filed in support of the objection, and (iii) the name and address of any witness the current shareholder intends to present at the Settlement Hearing, together with a statement as to the matters on which the current shareholder and/or witness wish to testify, and a summary of all testimony sought to be presented at the Settlement Hearing. Any current shareholder who does not properly and timely file and serve a written objection and notice of intention to appear as required by this Order by August 3, 1999, and any witness not identified in the notice of intention to appear, shall not be permitted to object to the Settlement or the Fee Petition or appear at the Settlement Hearing, and shall be deemed to have waived and forfeited, and shall be foreclosed from raising, any objection whatsoever at the Settlement Hearing, and shall be bound by all of the terms of the Settlement Agreement and Settlement, and by all proceedings, orders and judgments of the Court concerning the Settlement.

        10.    Summary of Applicable Dates. A summary of the principal dates of performance required by this Order are as follows:

            (a)    The Notice shall be mailed no later than June 25, 1999;

-7-

(b)     The posting of the Notice on the Fleming website and the Zwerling, Schachter & Zwerling, LLP website shall be accomplished no later than June 25, 1999. Those postings can be removed on August 24, 1999. The posting on the PRNewswire shall be on June 25, 1999;

(c)     The Summary Notice shall be published in the National edition of The Wall Street Journal no later than July 6, 1999;

(d)     Current shareholders who wish to object to the Settlement or the Fee Petition as provided for herein, must file and serve all such objections to the Settlement no later than August 3, 1999;

(e)     Any attorney appearing in the Action on behalf of a current shareholder for the purpose of making an objection to the Settlement or Fee Petition must file and serve a notice of appearance no later than August 3, 1999;

(f)     Current shareholders or their attorneys who intend to appear at the Final Settlement Hearing, must file and serve a notice of intention to appear, which complies with all requirements of this Order, no later than August 3, 1999;

(g)     All pleadings and other papers in support of the Settlement or the Fee Petition shall be filed by August 3, 1999;

(h)     Fleming must file and serve by August 10, 1999, a declaration verifying that Fleming has caused the Notice to be mailed as provided for in this Order and the Stipulation;

(i)     All reply papers in response to any objections shall be filed by August 17, 1999; and

(j)     The Settlement Hearing on the motion for Final Approval of the Settlement shall be held on August 24, 1999, at 9:30 a.m.

11.     Disapproval.  In the event that the Settlement does not receive Final Approval as defined in the Stipulation, then the following shall apply:

(a)     All orders and findings entered in connection with the Stipulation shall become null and void and of no further force and effect;

(b)     The Action shall proceed pursuant to further orders of this Court; and

(c)     Nothing contained in this Order may be construed as an admission or concession by or against any Party on any point of fact or law.

ORDERED, this 27th day of May, 1999.

Vickie Miles-LaGrange
UNITED STATES DISTRICT JUDGE

-9-