IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL GENE CAULEY, JR., INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF FLEMING COMPANIES, INC. <br><br> Plaintiff, <br><br> v. <br><br> ROBERT E. STAUTH; R. RANDOLPH DEVENING; DONALD N. EYLER, E. DEAN WERRIES, ARCHIE R. DYKES CAROL B. HALLET, R. D. HARRISON, LAWRENCE M. JONES, EDWARD C. JOULLIAN III, HOWARD H. LEACH, JOHN A. MCMILLAN, GUY A. OSBORN, HAROLD L. WINN, JR. and KEVIN J. TWOMEY, JAMES STUARD, and DOES 1-20 <br><br> Defendants. <br><br> AND <br><br> FLEMING COMPANIES, INC. <br><br> Nominal Defendant. | Case No. CIV-96-1679-M <br><br> 96-1808 |

FILED AUG 24 1999 ROBERT D. DENNIS DOCKETED

848936_1

| | |
|---|---|
| RICHARD ROSENBERG, INDIVIDUALLY ) <br> AND DERIVATIVELY ON BEHALF OF ) <br> FLEMING COMPANIES, INC., ) <br> ) <br>        Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT E. STAUTH; R. RANDOLPH ) <br> DEVENING; DONALD N. EYLER, ) <br> E. DEAN WERRIES, ARCHIE R. DYKES, ) <br> CAROL B. HALLET, LAWRENCE M. JONES, ) <br> EDWARD C. JOULLIAN III, ) <br> HOWARD H. LEACH, JOHN A. MCMILLAN, ) <br> GUY A. OSBORN, JACK W. BAKER, ) <br> WILLIAM J. DOWD, HARRY L. WINN, JR., ) <br> KEVIN J. TWOMEY, JAMES STUARD, ) <br> GERALD G. AUSTIN, E. STEPHEN DAVIS, ) <br> THOMAS L. ZARICKI, PAUL JOHNSON, ) <br> WILLIAM M. LAWSON, JR., ) <br> VERNON FLOYD, DICK JUDD and ) <br> DOES 1-20 ) <br> ) <br>        Defendants. ) <br> ) <br> AND ) <br> ) <br> FLEMING COMPANIES, INC. ) <br> ) <br>        Nominal Defendant. ) | Case No. CIV-96-1808-M ✓ |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before the Court for hearing, pursuant to the order of this Court dated May 27, 1999, on the application of the parties for approval of the compromise set forth in the Stipulation of Compromise and Dismissal dated as of May 21, 1999 (the "Stipulation"), and due and adequate notice having been given to the shareholders of Fleming Companies, Inc. ("Fleming"), and the

Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED that:

1. This court has jurisdiction over the subject matter of this action and over all parties to this action.

2. The definitions of terms in the Stipulation are incorporated herein as though fully set forth in this judgment.

3. The notice given to the shareholders of Fleming, including the individual notice to current shareholders who could be identified through reasonable effort, of the settlement and other matters set forth in the Stipulation was the best notice practicable under the circumstances. The notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to notice, and the notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this court hereby approves the settlement set forth in the Stipulation and finds that the settlement is, in all respects, fair, reasonable and adequate to Fleming and its shareholders.

5. The court hereby dismisses this action against Fleming and the Individual Defendants (as defined in the Stipulation) with prejudice and without costs (except as otherwise provided in the Stipulation) and this Judgment and Order.

6. Upon the effective date, each and every Settled Claim is and shall be deemed to be conclusively released. "Settled Claims" shall mean any and all causes of action, suits, demands, claims, matters and issues, whether known or unknown, which have been could have been, or in the future

might be asserted, advanced or alleged against any present or past director, officer or employee of the Company, the Individual Defendants or their insurers in the Derivative Actions or in any court or arbitration proceeding (including, without limitation, any lawsuits, actions or claims arising under any federal or state law or under the common law of any state) by or on behalf of the Company, by any shareholder of Fleming derivatively on its behalf, or by either of the Plaintiffs in the Derivative Actions on their own behalf or on behalf of any record or beneficial holder of the stock of the Company, whether individual, class, derivative, representative, legal, equitable, or any other type in any other capacity, which claims have arisen, could have arisen, arise now or hereafter arise out of, or relate in any manner to the allegations, transactions, matters or occurrences, representations, acts or omissions, or any series thereof, involved, set forth, referred to, or related to any of the pleadings in the Derivative Actions against the Company and/or any of the Individual Defendants; provided, however, that nothing in this Stipulation is intended to release any of the claims presently asserted in the class action securities fraud lawsuits styled <u>City of Philadelphia v. Fleming Companies, Inc., et al.</u>, Case No. CIV-96-0853-M and <u>Robert Mark v. Fleming Companies, Inc., et al.</u>, Case No. CIV-96-0506-M.

7.  Upon the effective date, Fleming shall be deemed to have, and by operation of this judgment shall have, fully, finally and forever discharged and released all Settled Claims.

8.  Upon the effective date, Fleming shall be deemed to have, and by operation of this judgment shall have, fully, finally, and forever discharged and released any claims which it may have against the Individual Defendants for reimbursement of any costs or fees advanced for them (or on their behalf) for defense of the Settled Claims.

4

848936_1

9. The Court finds that Plaintiffs' Counsel have conferred a substantial common benefit on Fleming and its shareholders in connection with the investigation, initiation, litigation and settlement of these shareholder derivative actions.

10. The Court finds that Plaintiffs' Counsel's application for attorneys' fees, costs and expenses is fair and reasonable.

11. Plaintiffs' Counsel are awarded an aggregate award of attorneys' fees, costs and expenses in the amount of $860,000 to be paid to Plaintiffs' Counsel by Fleming in accordance with Section V.D. of the Stipulation.

12. Without affecting the finality of this judgment in any way, this court retains continuing jurisdiction over (a) implementation of this settlement until each and every act agreed to be performed by the parties to the Stipulation shall have been performed pursuant to the Stipulation; (b) all parties to this action for the purpose of enforcing and administering the Stipulation and the releases contained therein; and (c) any other matter related or ancillary thereto.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this judgment shall be rendered null and void and shall be vacated and, in such event, subject to Section V.G. of the Stipulation, all orders entered and releases delivered in connection therewith shall be null and void.

DATED this 24th day of August, 1999.

*Vicki Miles-LaGrange*
UNITED STATES DISTRICT JUDGE
ENTERED ON JUDGMENT DOCKET ON
8-24-99